
RECEIVED
DEC 2 2005

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 92-60032-03 |
| | CIVIL ACTION NO. 05-1185 |
| VS. | JUDGE MELANÇON |
| FARICE DAIGLE, JR. | MAGISTRATE JUDGE METHVIN |

## AMENDED REPORT AND RECOMMENDATION

In a Report and Recommendation ("R&R") dated November 30, 2005, the undersigned recommended that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by Farice Diagle, Jr. be denied.[1] On December 14, 2005, Daigle filed objections to the R&R.[2] By minute entry dated December 15, 2005, the district judge requested that the undersigned review the R&R in light of Daigle's objections.[3] After careful review of the record and jurisprudence, and upon concluding that the previous report utilized an incorrect standard of prejudice to be applied in determining Green's ineffective assistance of counsel claim,[4] the previous R&R is hereby withdrawn and the instant Amended Report and Recommendation is substituted.

For the following reasons, it is recommended that Daigle's § 2255 motion be **DENIED AND DISMISSED WITH PREJUDICE.**

---

[1] Rec. Doc. 1568 and 1576.

[2] Rec. Doc. 1578.

[3] Rec. Doc. 1579.

[4] The original Report stated, "In the sentencing context, prejudice is present if there is a reasonable probability that but for the deficient performance of counsel, his sentence would have been significantly less harsh. United States v. Seyfert, 67 F.3d 545, 548-49 (5th Cir. 1995); see also, United States v. Segler, 37 F.3d 1131, 1136 (5th Cir. 1994); United States v. Walker, 68 F.3d 931, 934 (5th Cir. 1995)." In his objections, however, Daigle correctly points out that the standard is no longer whether his sentence would have been "significantly less harsh" but rather "any amount of actual jail time" constitutes prejudice. Glover v. US, 531 U.S. 198, 121 U.S. 696 (2001); US v. Grammas, 376 F.3d 433 (5th Cir. 2004).

## *Background*

On June 17, 1992, Daigle was charged in five counts of a ten-count indictment.[5] On May 30, 1996, Daigle pleaded guilty to Count One, conspiracy to possess with intent to distribute at least 50 grams of cocaine base and at least 5 kilograms of cocaine hydrochloride, and Count Six, using a firearm in relation to a drug trafficking crime.[6] On September 16, 1996, Daigle was sentenced to 120 months in prison,[7] and 60 months of supervised release with special conditions.[8]

On April 15, 2004, Daigle's United States Probation Officer, Arthur J. Smith, filed a Petition for Warrant or Summons for Offender Under Supervision.[9] Officer Smith alleged that Daigle had violated several conditions of his supervised release: 1) Mandatory Condition #2, "The offender is not to commit another federal, state or local crime." Officer Smith identified 11 instances wherein Daigle had been arrested or cited for violating various state and local law; 2) Standard Condition #1, prohibiting the offender from leaving the judicial district without permission of the Court or the probation officer, was allegedly violated by Daigle on two occasions; 3) Standard Condition #2, requiring the offender to submit a truthful and complete written report to the Probation Office, was allegedly violated seven times; 4) Standard Condition #7, prohibiting the offender from using alcohol, was allegedly violated twice; and 5) Standard

---

[5] Rec. Doc. 1.

[6] Rec. Doc. 1448.

[7] Sixty months on Count 1 and 60 months on Count 6, to run consecutively.

[8] Rec. Doc. 1468. Sixty months of supervised release with special conditions on Count One, and 36 months on Count Six, to run concurrently.

[9] Rec. Doc. 1537.

Condition #11, requiring the offender to notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer, was violated every time Daigle was arrested or given a citation relating to the violations of Mandatory Condition #2.[10]

On June 22, 2004, District Judge Tucker Melançon held a revocation hearing and concluded that Daigle had violated the conditions of his supervised release.[11] Daigle was sentenced to prison for 36 months,[12] and 24 months supervised release with special conditions. On May 10, 2005, the Fifth Circuit affirmed Daigle's sentence in an unpublished opinion. United States of America v. Daigle, No. 04-30675.[13]

### *Issues Presented*

In support of his § 2255 motion, Daigle raises the following claim: Ineffective assistance of counsel at the revocation hearing for failing to object to a sentence longer than 24 months since the Bureau of Prison's ("BOP") anger management programs do not last longer than 24 months and for failing to object to the disparity between Daigle's sentence and the revocation sentences of his co-defendants.

### *Scope of §2255 Review*

The scope of relief afforded under §2255 is extremely narrow. It is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."

---

[10] Rec. Doc. 1537.

[11] Rec. Doc. 1550.

[12] Daigle was sentenced to 24 months for Count 1 and 12 months for Count 6, the sentences to run consecutively.

[13] Rec. Doc. 1566.

United States v. Vaughn, 955 F.2d 367, 368 (5th Cir.1992); United States v. Acklen, 47 F.3d 739, 741 (5th Cir.1995). "We apply this rigorous standard in order to ensure that final judgments command respect and that their binding effect does not last only until "the next in a series of endless post-conviction collateral attacks." United States v. Shaid, 937 F.2d 228, 231-232 (5th Cir.1991), *cert. denied*, 112 S.Ct. 978 (1992).

Section 2255 provides four grounds for relief: 1) that the sentence violates the Constitution or other federal law; 2) that the court lacked jurisdiction; 3) that the sentence exceeded the maximum allowed by law; or 4) that the sentence is otherwise "subject to collateral attack." Title 28 U.S.C. §2255.

Violations of non-constitutional federal law under Ground One are rarely cognizable in a §2255 motion; relief is available only if the violation involves "a fundamental defect which results in a complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974); Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962).

Section 2255 does not contain an exhaustion requirement, but a petitioner may not collaterally attack a conviction until it has been affirmed on appeal absent exceptional circumstances. Fassler v. U. S., 858 F.2d 1016, 1019 (5th Cir. 1988) (*per curiam*). *See also* Section 2255 Rules, note 1, R. 5 advisory committee's note ("orderly administration of criminal law precludes considering such a motion absent exceptional circumstances").

The issues presented in the instant case may be resolved by considering the briefs filed by the parties and the court record. No evidentiary hearing is required in a §2255 petition where the claims made by the petitioner are either contrary to law or plainly refuted by the record. U. S. v. Green, 882 F.2d 999, 1008 (5th Cir.1989). Such is the case here.

## *Legal Analysis*

Daigle's claims arise from the revocation proceedings held after he served his original sentence. At the revocation hearing, the district judge concluded that Daigle had violated the conditions of his release by committing other crimes, failing to report his arrests or citations to his probation officer, and that he provided untruthful information to his probation officer concerning the excessive use of alcohol. Daigle's supervised release was revoked and he was sentenced to serve an additional 36 months in prison, with the recommendation that he undergo anger management counseling. The district judge acknowledged that Daigle had a problem dealing with anger:

> Now, I am going to instruct the Bureau of Prisons to make sure that Mr. Daigle is housed at a facility that offers the most aggressive psychological/psychiatric counseling as it relates to anger management that's available.
>
> \*\*\*
>
> And, you know, I get these form letters sometimes of we considered your request, but we weren't able to do it. They need to understand this is important because I do believe that this young man has potential to be a productive citizen, but he has the potential to do just what Mr. Grayson said, kill himself or get killed or kill somebody else, and I want whoever runs that machine over there to understand.[14]

Because the district judge discussed Daigle's anger problems, Diagle assumes and argues that the only purpose for his sentence was to assist him in obtaining anger-management treatment. Diagle asserts that his counsel was ineffective in failing to object to a sentence of 36 months because the anger-management program offered by the BOP only lasts 24 months. Further, Daigle maintains that counsel should have objected to the disparity between his sentence of 36 months and the lesser sentences of his co-defendants.

---

[14] Rec. Doc. 1563, pps. 134-136.

To prevail on an ineffective assistance of counsel claim, a petitioner must establish two things: (1) his attorney's representation fell below an objective standard of reasonableness ("deficient performance"); and (2) there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different ("prejudice"). Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984). The burden is on the petitioner to show that counsel's representation fell below an objective standard of reasonableness. Id. at 688. The court's scrutiny shall be "highly deferential" and the court must apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689-90. See also Marler v. Blackburn, 777 F.2d 1007, 1010 (5th Cir. 1985).

The Strickland court further outlined the extent of prejudice that must be established by the defendant:

> * * * An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of the criminal proceeding if the error had no effect on the judgment. Cf. United States v. Morrison, 449 U.S. 361, 364-65 (1981).

Strickland, supra, at pages 691, 694-95; see also Taylor v. Maggio, 727 F.2d 241 (5th Cir. 1984); U.S. v. Diaz, 733 F. 2d 371 (5th Cir. 1984). A habeas court must be careful not to second-guess legitimate strategic choices made by defense counsel which under the light of hindsight seem ill-advised and unreasonable. Sawyer v. Butler, 848 F. 2d 582, 587-88 (5th Cir. 1988).

In establishing prejudice, "any amount of actual jail time has Sixth Amendment significance." Glover v. US, 531 U.S. 198, 203, 121 U.S. 696 (2001); US v. Grammas, 376 F.3d 433 (5th Cir. 2004). Accordingly, under the facts presented, Daigle must show that there is a reasonable probability that, but for counsel's unprofessional errors, his sentence would have been

shorter, even by only one day. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, supra, 104 S.Ct. at 2068.

Because both Strickland factors, that of deficient performance and prejudice, must be satisfied, "an ineffective assistance contention may be rejected on an insufficient showing of prejudice, without inquiry into the adequacy of counsel's performance." Strickland, 466 U.S. at 689-94.

In the case at bar, the initial R&R applied the "significantly less harsh" test in analyzing prejudice, i.e., whether there was a reasonable probability that but for the alleged deficient performance of counsel, Daigle's sentence would have been significantly less harsh.[15] As discussed above, Glover abrogated this test and held that "any additional jail time could have Sixth Amendment significance" in determining whether a defendant was prejudiced by his counsel's defective performance. *See* US v. Grammas, 376 F.3d 433 (5th Cir. 2004) ("We hold that Glover abrogates the significantly less harsh test, and that *any* additional time in prison has constitutional significance.").

Application of the Glover standard makes no difference to the outcome, however. Daigle's objections to the R&R present no additional facts to support a finding that he received additional jail time because of counsel's allegedly deficient performance.

A review of the record shows that Daigle's counsel requested, at the revocation hearing, that no period of incarceration be imposed, or in the alternative, that Daigle serve his sentence in a halfway house:

---

[15] *See* United States v. Seyfert, 67 F.3d 545, 548-49 (5th Cir. 1995); see also, United States v. Segler, 37 F.3d 1131, 1136 (5th Cir. 1994); United States v. Walker, 68 F.3d 931, 934 (5th Cir. 1995).

> We'd like to suggest that he not be incarcerated, that if you feel that there's any need for confinement, that it be in a halfway house for a period of some months, which would be a resolution that would allow him to continue to run the body shop business that's owned by his father which his father really is not capable of running without him.[16]

The District Judge rejected this argument and sentenced Daigle to prison as a punishment, with the hope that while in prison, he would obtain treatment that may assist him in avoiding future legal problems. The district judge acknowledged that Daigle had personal issues and the judge was particularly concerned with Daigle's repeated violations of the law:

> I've got to say to you, I really do believe there's a significant possibility of what Mr. Grayson said about you being true, that you're either going to kill somebody or you're going to get killed. Now, I don't view the series of what you call traffic violations as no big deal. One, two, you know, in a perfect world, that would be true, but there is a pattern of *total disregard for authority and respect for the law*.[17]

Although the district judge was concerned with Daigle's anger problems, it is clear from these comments that the 36-month sentence was also punitive in nature, not simply tied to a counseling program. Daigle has not shown, either in his original motion or in his objections to the initial R&R, that there is a reasonable probability that had defense counsel objected to the length of the sentence as exceeding the amount of time to complete a BOP anger-management program, he would have been sentenced to less time in jail.

The record also shows that the district judge acknowledged that he could not order such training, but rather could only request that BOP house Daigle in a facility that offered the training. If the district judge was only concerned with anger-management training, he would

---

[16] Rec. Doc. 1563, p. 129.

[17] Rec. Doc. 1563, pps. 134-136. Emphasis added.

9

have taken counsel's recommendation and sentenced Daigle to serve his term in a half-way house while attending an anger-management program.

The foregoing shows that the imposition of the sentence was not solely for Daigle to attend anger-management programs. Considering this, and the fact that the District Judge rejected Daigle's counsel's request for leniency, Daigle has failed to show that had defense counsel objected to the length of the sentence as exceeding the amount of time to complete a BOP anger-management program, the district judge would have sentenced him to less time in jail. Thus, Daigle has not shown that counsel was ineffective.

Likewise, it is clear that the district judge sentenced Daigle to 36 months imprisonment regardless of the other sentences given to Daigle's co-defendants. The district judge was concerned with Daigle's "total disregard for authority and respect for the law" and his anger problems.[18] Those facts formed the basis for his sentence. Since there is no requirement that co-defendants be given identical sentences, and the district judge had particular concerns that formed the basis for Daigle's sentence, the undersigned concludes that even assuming counsel was deficient in not objecting to the disparity between Daigle's sentence and the sentences of his co-defendants, Daigle has not shown that there is a reasonable probability that but for the deficient performance of counsel, he would have received any less jail time. Accordingly, Daigle's was not denied the effective assistance of counsel at sentencing.

### *Conclusion*

For the foregoing reasons, it is **RECOMMENDED** that Daigle's § 2255 motion be **DENIED and DISMISSED WITH PREJUDICE.**

---

[18] Rec. Doc. 1563, pps. 134-136. Emphasis added.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after receipt of a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana on December 21st, 2005.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, LA 70501
(337) 593-5140    FAX 593-5155